Dear Judge Lynch:
This office is in receipt of your opinion request in which you ask the following:
 What specific authority, either statutory or by jurisprudence, authorizes a judge or justice of the peace, to issue a "civil attachment" or "bench warrant" issue for the failure of a judgment debtor to appear at a judgment debtor examination ordered by that judge or justice of the peace?
Code of Civil Procedure Art. 4914 authorizes a justice of the peace to punish for direct contempt of court and states as follows:
Art. 4914. Contempt power; justice of the peace courts
 A justice of the peace may punish a direct contempt of court, as defined in Article 222, by a fine of not more than fifty dollars, or imprisonment in the parish jail for not more than twenty-four hours, or both.
Direct contempt of court is defined in Code of Civil Procedure Art. 222, which states as follows:
Art. 222. Direct Contempt
 A direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.
Any of the following acts constitute a direct contempt of court:
 1) Contumacious, insolent, or disorderly behavior toward the judge, or an attorney or other officer of the court, tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
 2) Breach of the peace, boisterous conduct, or violent disturbance tending to interrupt or interfere with the business of the court, or to impair its dignity or respect for its authority;
 3) Use of insulting, abusive, or discourteous language by an attorney or other person in open court, or in a pleading, brief, or other document filed with the court in irrelevant criticism of another attorney or of a judge or officer of the court;
 4) Violation of a rule of the court adopted to maintain order and decorum in the courtroom;
 5) Contumacious failure to comply with the subpoena, proof of service of which appears of record, or refusal to take the oath or affirmation as a witness, or refusal of a witness to answer a non-incriminating question when ordered to do so by the court; and
 6) Contumacious failure to attend court to serve as a juror after being accepted as such, or to attend court as a member of a jury venire, when proof of service of the summons appears of record.
A judgment debtor who fails to appear for a judgment debtor examination violates the summons or subpoena which was issued ordering him to appear. Thus, he may be in direct contempt of court.
Specifically regarding contempt of court for failure to appear at a judgment debtor examination, Code of Civil Procedure Art. 2456 states:
Art. 2456. Contempt
 If the motion and order have been served personally on the judgment debtor, as provided by law or if service is obtained pursuant to Article 1261, and the judgment debtor refuses to appear for the examination or to produce his books, papers, or other documents when ordered to do so, or if he refuses to answer any question held pertinent by the court, the judgment debtor may be punished for contempt.
Given the explicit authority of a justice of the peace to punish for a direct contempt of court, a justice of the peace may issue a Rule To Show Cause why the judgment debtor should not be held in contempt of court for failing to appear if the service upon the judgment debtor is made personally, and not domiciliary, or if service is made in accordance with Code of Civil Procedure Art. 1261, which regards service on a domestic or foreign corporation.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb